UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02954-MTS |
| | ) | |
| DOLLAR TREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Dollar Tree Stores, Inc.'s Motion to Exclude the Testimony of Dr. Eric Sincoff pursuant to Rule 37(c)(1), Doc. [20].  As a hearing on the Motion was held on October 27, 2020 and the issue is fully briefed, the matter is ready for disposition.  For the reasons stated below, Defendant's Motion is granted in part and denied in part.

**I.    BACKGROUND**

Defendant asks the Court to exclude portions of Dr. Sincoff's testimony pursuant to Fed. R. Civ. P. 37(c)(1).  That Rule permits district courts to sanction parties for failure to provide the required disclosures under Fed. R. Civ. P. 26(a) or 26(e), including Rule 26(a)(2)(B)'s mandate that parties provide written reports for their expert witnesses.  Plaintiff did not proffer a written report for Dr. Sincoff, claiming that he is a non-retained witness not subject to Rule 26(a)(2)(B). Defendant argues that Dr. Sincoff's deposition testimony should be partially excluded because that testimony extends far beyond his treatment of Plaintiff, rendering Plaintiff's designation of Dr. Sincoff as a non-retained expert inaccurate and the lack of a written report a violation of Rule 26(a)(2)(B).  *See* Doc. [21] at 1–2.  Defendant urges that, because of this violation, Rule 37(c)(1)

1

mandates the exclusion of Dr. Sincoff's opinions that exceed the scope of his treatment of Plaintiff. *Id.* at 12. Rule 37(c)(1) provides an exception where the party's violation of Rule 26 "was substantially justified or is harmless." Defendant argues Plaintiff was not justified in failing to provide the report because it requested the written report by Dr. Sincoff from Plaintiff numerous times, but Plaintiff ignored the requests without explanation. *Id.* Defendant continues that Plaintiff's omission of the report was not harmless because Defendant was unable to cross examine Dr. Sincoff effectively at his deposition without the opportunity to review a written report. *Id.*

Plaintiff counters that Dr. Sincoff's testimony should not be excluded because, first, her classification of Dr. Sincoff as a non-retained expert was appropriate, and second, even if the Court finds that Plaintiff should have provided a written report for Dr. Sincoff, her failure to provide the report was harmless. *See* Doc. [31] at 12. Plaintiff bases this argument on her assertion that Defendant was in possession of all of the medical records on which Dr. Sincoff relied at his deposition and that Plaintiff gave Defendant reasonable notice of the content of Dr. Sincoff's testimony. *See id.* at 11–12.

## II.     DISCUSSION

"[I]f a treating physician 'seeks to testify outside the scope of the treatment rendered,' the physician is considered 'retained'" and is required to file an expert report under Rule 26(a)(2)(B). *Post v. Dolgencorp, LLC*, No. 4:19-cv-00171-JAR, 2020 WL 3412238, at *5 (E.D. Mo. June 22, 2020) (citing *Dixon v. Legacy Transp. Sys., LLC*, No. 2:15-cv-01359-JAD-PAL, 2017 WL 4004412, at *3 (D. Nev. Sept. 11, 2017)). At the hearing on this matter, Plaintiff acknowledged that Dr. Sincoff provided testimony that went beyond his treatment of Plaintiff; specifically, Plaintiff conceded that Dr. Sincoff did not treat Plaintiff's knee. This makes Dr. Sincoff a retained expert witness subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B). But

Plaintiff did not file an expert report for Dr. Sincoff.

If a party fails to meet the applicable disclosure requirements for any information or witness under Rule 26(a), Rule 37(c) provides that the party will not be allowed to use that information or witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether evidence should be excluded, the Court should be cognizant that "the exclusion of evidence is a harsh penalty and should be used sparingly." *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)).

On the information before it, the Court finds that Plaintiff did not comply with Rule 26(a)(2)(B) because it did not submit a written report for Dr. Sincoff, who "testif[ied] outside the scope of the treatment" he rendered Plaintiff. *See Post*, 2020 WL 3412238, at *5. The Court must next determine whether Dr. Sincoff's testimony regarding causation should be excluded under Rule 37(c). The Court notes that Defendant's claimed harmed is limited to its inability to conduct a proper cross examination of Dr. Sincoff at his deposition; Defendant did not argue that it suffered any other harm or prejudice due to Plaintiff's violation of Rule 26(a)(2)(B). Plaintiff, meanwhile, argues that any failure to disclose was harmless to Defendant because Defendant was in possession of all the medical records used by Dr. Sincoff as a basis for his testimony and because Plaintiff gave reasonable notice as to the nature of his testimony.

After careful consideration, the Court finds Plaintiff's failure to provide an expert report for Dr. Sincoff to be harmless and easily remedied. The Court will therefore not invoke the "harsh penalty" of exclusion. To ensure that Plaintiff's violation remains harmless to Defendant, the Court will order Plaintiff, within twenty days of this Order, to update her Rule 26 disclosures and provide a written expert report for Dr. Sincoff as required under Rule 26(a)(2)(B). Plaintiff must

additionally make Dr. Sincoff available for a second deposition within a reasonable time after she has filed his Rule 26 written report. Pursuant to its authority under Fed. R. Civ. P. 37(c)(1)(A), the Court also orders Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, caused by her violation of Rule 26(a)(2)(B).

## **CONCLUSION**

Plaintiff inappropriately characterized Dr. Sincoff as a non-retained witness and thus violated Fed. R. Civ. P. 26(a)(2)(B) by not providing a written report by Dr. Sincoff. The Court finds this to be a harmless error. However, to ensure that this remains the case, the Court will order Plaintiff to remedy the issues caused by her violation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude the Testimony of Dr. Sincoff Pursuant to Rule 37(c)(1), Doc. [20], is **GRANTED in part** and **DENIED in part**. Dr. Sincoff's testimony is not excluded, but Plaintiff is ordered to update her Rule 26 disclosures and provide a written expert report for Dr. Sincoff within twenty days of the date of this Memorandum and Order. Plaintiff must then make Dr. Sincoff available for a second deposition within a reasonable time of the submission of his written report.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(c)(1)(A), Plaintiff shall pay Defendant's reasonable expenses, including attorney's fees, caused by her violation of Rule 26(a)(2)(B).

Dated this 13th day of November, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

4